Brian W. Carroll, Esq.
**McCARTER & ENGLISH, LLP**
250 West 55th St., 13th Floor
New York, NY 10019
212.609.6800
bcarroll@mccarter.com
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILE CIOBOTARU,<br><br>Plaintiff,<br><br>-v-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No. 1:26-cv-4500 |

# DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC'S NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Experian Information Solutions, Inc. ("Experian"), by and through its attorneys, McCarter & English, LLP, hereby files this Notice of Removal, removing this case from the Civil Court of the City New York, Queens County, to the United

States District Court for the Eastern District of New York. In support of this Notice, Experian states as follows:

1. Experian is the only named Defendant in Case Index No. CV-003578-26/QU filed on or about May 22, 2026 by Plaintiff Vasile Ciobotaru ("Plaintiff") in the Civil Court of the City of New York, Queens County (the "State Court Action").

2. Experian was served on June 24, 2026.

3. This Notice is being filed with this Court within thirty (30) days after Experian received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based, as required by 28 U.S.C. § 1446(b).

4. This Court is the proper district court for removal because the State Court Action is pending within this district, and Plaintiff's Complaint alleges that Plaintiff resides within this district.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Experian in the State Court Action is attached hereto as **Exhibit A**.

6. Experian is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f). Upon information and belief,

Equifax is also a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7. The claims for relief against Experian in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a)

8. Experian is the only Defendant. Thus, all defendants consent to removing the above-captioned action to this Court.

9. Promptly after the filing of this Notice of Removal, Experian shall provide notice of the removal to Plaintiff through Plaintiff's attorney of record in the State Court Action, and shall file a copy of this Notice with the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Experian hereby removes the above-referenced action from the Civil Court of the City of New York, Queens County and requests that further proceedings be conducted in this Court as provided by law.

Dated: July 24, 2026
New York, NY

Respectfully Submitted,

**McCARTER & ENGLISH, LLP**

By: *s/ Brian W. Carroll*
Brian W. Carroll, Esq.
250 West 55th St., 13th Floor
New York, NY 10019
212.609.6800
bcarroll@mccarter.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, I electronically filed a copy of this Notice of Removal with the Clerk of the Court using the CM/ECF system and also caused to be served a copy of this document upon counsel of record via electronic mail and Federal Express at the following address:

Stuart D. Werbin, Esq.
Law Offices of Stuart Werbin
1620 Avenue I, Suite 119
Brooklyn, NY 11230
werbinlaw@gmail.com
*Attorney for Plaintiff*

*s/ Brian W. Carroll*
Brian W. Carroll, Esq.

# EXHIBIT A

# CIVIL COURT OF THE CITY OF NEW YORK
# COUNTY OF QUEENS

| | |
|---|---|
| VASILE CIOBOTARU,<br><br>Plaintiff,<br><br>– against–<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant(s). | Index No. 003578/26<br><br>**SUMMONS**<br><br>**The basis of the venue designated is Plaintiff's Address:**<br>6222 71st St #1<br>Middle Village, NY 11379 |

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens at the office of the Clerk of the said Court at 89-17 Sutphin Blvd, Jamaica, NY 11435 in the County of Queens, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $10,000.00 with interest thereon from the 19th day of May, 2026, together with the costs of this action.

Dated: May 19, 2026
Brooklyn, New York

**Law Offices of Stuart Werbin**

By: ____________________
Stuart D. Werbin, Esq.
1620 Avenue I, Suite 119
Brooklyn, NY 11230
Tel (646) 942-7464
werbinlaw@gmail.com
*Attorneys for Plaintiff*

NOTE: The laws or rules of court provide that:

(a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Defendant's Address:

475 Anton Blvd., Costa Mesa, CA 92626

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF QUEENS**

-----------------------------------------------------------------X

VASILE CIOBOTARU,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant(s).

-----------------------------------------------------------------X

Civil Action No.: 003578/26

**VERIFIED COMPLAINT**

Plaintiff VASILE CIOBOTARU, ("Plaintiff"), by and through his attorneys, Law Offices of Stuart Werbin, as and for her Complaint against the Defendant EXPERIAN INFORMATION SOLUTIONS, INC. hereinafter referred to as "Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

**PARTIES**

2. Plaintiff VASILE CIOBOTARU, is a resident of the State of NEW YORK, residing in Queens County.

3. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. is a California corporation.

4. The Defendant is regularly engaged in the national business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p *et seq.* and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Plaintiff on October 7, 2025, obtained a copy of his credit report.

9. The credit report had inaccurate tradelines. The disputed inaccurate tradelines are:

**CAP ONE Acct#: 517805XXXXXX**

**-**

**THIS ACCOUNT IS SHOWING THAT I WAS LATE MANY YEARS AGO WHICH IS NOT ACCURATE AND I WANT THIS ACCOUNT INVESTIGATED**

**CAP ONE Acct#: 517805XXXXXX**

**THIS ACCOUNT IS SHOWING THAT I WAS LATE MANY YEARS AGO WHICH IS NOT ACCURATE AND I WANT THIS ACCOUNT INVESTIGATED**

**1ST PREMIER BANK ACCT:# 5178000XXXXX**

**THIS ACCOUNT IS SO OLD THAT IT SHOULDNT BE REPORTING AND THE BALANCE IS ALSO INACCURATE FROM LIMIT APPROVAL PLEASE INVESTIGATE THIS ACCOUNT**

10. Plaintiff sent a dispute letter dated October 8, 2025 disputing the accuracy of the above tradelines.

11. Due to the inaccuracies the Plaintiff suffered financial harm.

12. Defendant failed to reply within the required 30 days and failed to do a reasonable investigation.

13. Plaintiff sent a reinvestigation request and further dispute dated Nov. 25, 2025. In this dispute letter, Plaintiff requested a consumer statement and a method of verification.

14. Defendant failed to update the credit report to report accurately. Defendant still inaccurately reported:

1st premier is reporting that the last payment was received 4/2019 , however, the chart shows everything was paid up to date until 7/2019 which was the first month of default...

There is continuous months reporting of charge off which is reaging and cannot report a past due amount on a charged off account.

15. Defendant further failed to respond within 15 days for the method of verification request. Defendant further failed to add the consumer statement.

16. **Plaintiff was denied credit due to the inaccuracies, from Amex on March 3, 2026 and from First Financial Help on Jan. 27, 2026.**

## FIRST CAUSE OF ACTION
**(*Violations of the FCRA*)**

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. 15 USC §1681i(a) Reinvestigations of disputed information

(1) Reinvestigation required

(A) In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

19. The Defendant violated 15 USC §1681i(a) by failing to properly investigate the disputed accounts and respond to the Plaintiff within the required 30 day period and further to delete the account within the required 30 days.

20. The Defendant violated the Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff's credit report and credit files Defendant published and maintained. By failing to update the credit report, delete and/or remove the disputed accounts as the Plaintiff requested.

21. As a result, Defendant violated 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

22. The violation by the Defendant of 15 USC §1681e (b) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

23. After receiving the Plaintiffs dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by15 USC §1681i. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, The Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24. Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorney's fees pursuant to15 USC §1681o.

25. Defendant prepared. compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a). Such reports contained information about the Plaintiff that was false misleading, and inaccurate.

26. The Defendant violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving the Plaintiffs dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from the Plaintiff's credit files.

27. As a result of the Defendant violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

28. The violations by the Defendant of 15 USC §1681i(a) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

29. As a result of the Defendant's violations of 15 USC §1681i (a)(1)(A), Plaintiff

suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

30. The violations by the Defendant of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendant were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

31. The Defendant violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

32. The Defendant violated the Plaintiff's rights under 15 USC §1681i (a)(8)(b) by failing to include the required consumer statement under 15 USC §1681i(a)(8)(b): Statement of dispute. If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute.

33. The Defendant violated 15 U.S.C. § 1681I (6)(B)(iii) by not later than 15 days after receiving a request from the Plaintiff to provide a method of investigation description or documentation.

34. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendant(s) in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §1681o.

35. **WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for her attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment in the sum of $10,000.00 be entered against Defendant as follows:

A. For statutory, actual and punitive damages provided and pursuant to the FCRA,15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2);

B. For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C. A Declaration that the Defendant's practices violated the FCRA and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: May 19, 2026
Brooklyn, New York

**Law Offices of Stuart Werbin**

By: ____________________
Stuart D. Werbin, Esq.
1620 Avenue I, Suite 119
Brooklyn, NY 11230
Tel (646) 942-7464
werbinlaw@gmail.com
*Attorneys for Plaintiff*

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK )
) ss.:
COUNTY OF KINGS )

I, STUART D. WERBIN, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am the principal attorney for the Law Offices of Stuart Werbin, attorneys for VASILE CIOBOTARU, the plaintiff in the foregoing matter, with an office located at 1620 Avenue I, Suite 119, Brooklyn, NY 11230. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of Kings which is the county where the deponent has his office.

Dated: May 19, 2026
Brooklyn, New York

STUART D. WERBIN, ESQ.