**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VASILE CIOBOTARU,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 1:26-cv-04500 |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers the Complaint ("Complaint") filed by Plaintiff Vasile Ciobotaru as follows:

**PRELIMINARY STATEMENT**

1. In response to paragraph 1 of the Complaint, without conceding whether or not Plaintiff states any viable claim for relief, Experian admits that Plaintiff's Complaint purports to state claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Experian denies it violated the FCRA or any other law and denies that it is liable to Plaintiff for any alleged damages.

**PARTIES**

2. In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3. In response to paragraph 3 of the Complaint, Experian denies, generally and

specifically, each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION AND VENUE

5. In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1337, 1367(a), and 2201, and 15 U.S.C. § 1681p. Experian states that this is a legal conclusion which is not subject to admission or denial.

6. In response to paragraph 6 of the Complaint, Experian admits that Plaintiff has alleged venue is proper pursuant to 28 U.S.C. § 1391(b)(2). Experian states that this is a legal conclusion, which is not subject to denial or admission.

## FACTUAL STATEMENT

7. In response to paragraph 7 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses set forth in paragraphs 1-6 above.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian denies that it has violated the FCRA. As to the remaining allegations in paragraph 9 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian admits that it received dispute correspondence from Plaintiff, which correspondence speaks for itself, and Experian denies any allegations inconsistent therewith. Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

11. In response to paragraph 11 of the Complaint, Experian denies that it violated the FCRA and denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian. Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian admits that it received dispute correspondence from Plaintiff, which correspondence speaks for itself, and Experian denies any allegations inconsistent therewith. Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Experian denies that it has violated the FCRA. As to the remaining allegations in paragraph 14 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian denies that it has violated the FCRA. As to the remaining allegations in paragraph 15 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian denies that it violated the FCRA and denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian. Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 16 of the Complaint.

**FIRST CAUSE OF ACTION**
**(*Violations of the FCRA)***

17. In response to paragraph 17 of the Complaint, Experian repeats, realleges, and incorporates by reference its responses set forth in paragraphs 1-16 above.

18. In response to paragraph 18 of the Complaint, Experian admits that Plaintiff purports to summarize and/or quote portions of the FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 18 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to any recovery whatsoever from Experian.

23. In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

24. In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to any recovery whatsoever from Experian.

25. In response to paragraph 25 of the Complaint, Experian denies that it has violated the FCRA. As to the remaining allegations in paragraph 25 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

28. In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to any recovery whatsoever from Experian.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff suffered any damages as a result of Experian's conduct, action, or inaction or is entitled to any recovery whatsoever from Experian.

30. In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to any recovery whatsoever from Experian.

31. In response to paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to any recovery whatsoever from Experian.

35. In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to any recovery whatsoever from Experian.

## RESPONSE TO PRAYER FOR RELIEF

36. In response to Plaintiff's prayer for relief, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to any recovery whatsoever from Experian.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from Experian.

### SECOND DEFENSE

Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD DEFENSE

Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff were the result of the acts or omissions of third persons over whom

Experian had neither control nor responsibility.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate Plaintiff's damages.

**SIXTH DEFENSE**

The Complaint and each claim for relief therein is barred by the doctrine of laches.

**SEVENTH DEFENSE**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**EIGHTH DEFENSE**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**NINTH DEFENSE**

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the statute of limitations, including but not limited to 15 U.S.C. § 1681p.

**TENTH DEFENSE**

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

**ELEVENTH DEFENSE**

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the

doctrine of unclean hands.

**TWELFTH DEFENSE**

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

**THIRTEENTH DEFENSE**

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

**FOURTEENTH DEFENSE**

Experian hereby gives notice that it intends to rely on any additional affirmative defenses that become available or apparent through discovery and/or the factual development in this case or otherwise, and thus reserves the right to amend its answer to assert such additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2. For costs of suit and attorneys' fees herein incurred; and

3. For such other and further relief as this Court may deem just and proper.

Dated: July 31, 2026
New York, NY

Respectfully Submitted,

**McCARTER & ENGLISH, LLP**

By: *s/ Brian W. Carroll*
Brian W. Carroll, Esq.
250 West 55th St., 13th Floor
New York, NY 10019
212.609.6800
bcarroll@mccarter.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Brian W. Carroll*
Brian W. Carroll

*Counsel for Defendant*
*Experian Information Solutions, Inc.*



ME1\62280631.v1